## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANCIS GATES, et al.,

Plaintiffs,

v.

SYRIAN ARAB REPUBLIC, et al.

Defendants.

CASE NUMBER:  1:06CV01500 (RMC)

**CASE SEALED**

## PLAINTIFFS' MEMORANDUM REGARDING SERVICE ON THE DEFENDANTS UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

Pursuant to the Court's request Plaintiffs, Fran Gates et al., hereby file this Memorandum that addresses the sufficiency of service on the foreign sovereign Defendants under 28 U.S.C. § 1608(a)(3).  Plaintiffs state the following:

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country."  *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).  28 U.S.C. § 1608 sets forth the requirements for sufficient service under the FSIA.  28 U.S.C. § 1608(a) provides the service requirements for "a foreign state or political subdivision of a foreign state".  All of the Defendants qualify as a "foreign state or political subdivision"

under 28 U.S.C. § 1608(a). Plaintiffs consequently served all Defendants

under 28 U.S.C. § 1608(a)(3) as set forth below.

## I.    ALL DEFENDANTS QUALIFY AS THE FOREIGN STATE ITSELF FOR PURPOSES OF THE SERVICE OBLIGATIONS OF 28 U.S.C. § 1608(a)

The four Defendants are:  Syrian Arab Republic, Syrian Military

Intelligence, President Bashar al-Asad, and General `Asif Shawkat. While

on its face the Syrian Arab Republic qualifies as the foreign state, the Syrian

Military Intelligence raises the question of whether it is an entity that

qualifies as a foreign state or political subdivision versus an agency or

instrumentality. Under the FSIA, foreign sovereign entities are categorized

either as 1) the foreign state or a political subdivision or 2) as agencies and

instrumentalities. 28 U.S.C. § 1603. The result of this categorization

answers whether the service obligations apply under eith 28 U.S.C. §

1608(a) or (b).

The Syrian Military Intelligence is considered the foreign state itself

for purposes of 28 U.S.C. § 1608 as a result of the application of the "core

functions" test. Questions whether service should be accomplished through

1608(a), for a foreign state or political subdivision, or 1608(b), for an agency

of instrumentality, are decided by a "core functions" test. *Roeder v. Islamic*

*Republic of Iran*, 333 F.3d 228, 234 (D.C. Cir. 2003) (citing *Transaero, Inc.*

*v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 149-50 (D.C. Cir. 1994)). "[I]f the core functions of the entity are governmental, it is considered the foreign state itself; if commercial, the entity is an agency or instrumentality of the foreign state." *Roeder*, 333 F.3d at 234. Under this test, a foreign nation's airforce and its foreign ministry have both been categorized as the "foreign state itself". *Id.* at 234-35. In *Nikbin v. Islamic Republic of Iran*, the Iranian Ministry of Intelligence and Security was categorized as the foreign state itself. 471 F. Supp. 2d 53, 59 (D.D.C. 2007) (citing *Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 274-75 (D.D.C. 2005)). In another case, the Russian Ministry of Culture was categorized as the foreign state itself while the Russian State Diamond Fund, a commercial entity, was categorized as an instrumentality on the basis of the "core functions" test. *Magness v. Russian Fed'n*, 247 F.3d 609, 613 n. 7 (5th Cir. 2001). Syrian Military Intelligence is the "principal Syrian intelligence service through which Syria sponsored al-Tawhid wal-Jihad and Abu Mus`ab al-Zarqawi", (Complaint ¶7), and qualifies as the foreign state itself rather than entity with core commercial functions. Plaintiffs were therefore required to serve Syrian Military Intelligence under 28 U.S.C. § 1608(a).

The two remaining Defendants, President Bashar al-Asad, and General `Asif Shawkat, are also categorized as the foreign state itself. "[A]n

officer of an entity that is considered the foreign state itself under the core-functions test should also be treated as the state itself for purposes of service of process under § 1608." *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 66 (D.D.C. 2007). General `Asif Shawkat, the head of Syrian Military Intelligence, is therefore considered the foreign state itself and service under 28 U.S.C. § 1608(a) is required by the FSIA. The office of the President of the Syrian Arab Republic must also be considered the foreign state itself. *Id.* at 67; *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004) ("As the Supreme Court repeatedly has explained, an official-capacity claim against a government official is in substance a claim against the government itself.") (internal quotation marks omitted)). President Bashar al-Asad is therefore considered the foreign state itself and service under 28 U.S.C. § 1608(a) is required by the FSIA.

## II.    PLAINTIFFS' SERVICE PROTOCOL FULFILLED THE EXPLICIT REQUIREMENTS OF 28 U.S.C. § 1608(a)(3) FOR EACH DEFENDANT

28 U.S.C. § 1608(a) is written in a hierarchical structure and Congress intended the different steps to be attempted in descending order. The legislative history of the FSIA confirms this as Congress expressly provided "there is a hierarchy in the methods of service." H.R. Rep. No. 1487, 94th Cong., 2d Sess. (1976), at 11. The first possible means set forth in

4

subsection (a)(1) is under any special arrangement for service between the "plaintiff and the foreign state or political subdivision." No such "special arrangement" exists between any Plaintiff in this action and any Defendant in this action.

The next means of service pursuant to the FSIA is through delivery in accordance with any international convention on service of judicial documents. 28 U.S.C. § 1608 (a)(2). The only applicable such international convention is the *Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. (citation omitted). This Convention was ratified by the United States but has never been ratified by Syria. Service is therefore not available through this route either.

The next means of service is by sending "a copy of the summons and complaint with a notice of the suit, together with a translation of each into the official language of the foreign state *by any form of mailing* required a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3) (emphasis added).

Service upon the foreign sovereigns in this case was carried out under section 1608(a)(3). Plaintiffs delivered the required documents to the Clerk

of the Court for international courier service with return-receipt, (Exhibit A),

as was noted on the docket by the Clerk of the Court on October 27, 2006.

(Docket entry #3 Cv06-1500(RMC)).[1]  An agent named Esam signed the

return-receipt on behalf of Syria.  (Exhibit B).

Plaintiffs have strictly adhered to the literal requirements of section

1608(a)(3) and offer as further evidence the signed, return receipt record

from DHL demonstrates the completion of service on October 30, 2006.

(Exhibit B).

Service upon the foreign sovereigns in this case was carried out under

section 1608(a)(3).  Proper effectuation of service under section 1608(a)(3)

only requires that the Plaintiffs meet the prescribed requirements.  "In this

circuit, 'strict adherence to the terms of 1608(a) is required.'"  *Phoenix*

*Consulting, Inc. v. Republic of Angola*, 35 F. Supp. 2d 14, 17 (D.D.C. 1999)

(citing to *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154

(D.C. Cir. 1994)).  There are two requirements for effective service: a

dispatch within the prescriptions of section 1608(a)(3) and the return of a

signed receipt from the defendant.  *Id.* at 12.  "At a minimum, effective

communication of any notice requires the active participation of both the

---

[1] The electronic docket is no longer available for public viewing but prior to
its being taken down, docket entry #3 was a notation by the Clerk of the
Court as described above.

dispatcher and the recipient." *Id.* Here, we have evidence of 1) the dispatch from the clerk's office and 2) Defendants' receipt of the service of process by an executed return receipt, which is sufficient evidence of service. *See Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006).

The first part of the equation was satisfied upon dispatch of the service of process from the Clerk of the Court by the Plaintiffs. On October 26, 2006, the Clerk of Court mailed the service of process to the Defendants, as shown by the copy of the international shipment waybill. (Exhibit A).

Plaintiffs utilized DHL to deliver the service of process to the foreign sovereign Defendants and to meet the statutory requirement to send the process using "any form of mailing required a signed receipt". *See* 28 U.S.C. § 1608(a)(3). The Plaintiffs used a DHL express, international, mail delivery method that included a return receipt.

The second part of the equation was satisfied by the execution of return receipts by the Foreign Ministry of Syria. (Exhibit B). Sudan's execution of a return receipt is shown at number 1 on page 3 of Exhibit B, airbill number 7784577360. The signature is difficult to make out but we know it to be "Esam" from the second page of the tracking information contained in Exhibit B. This page also tells us the service of process was delivered.

## CONCLUSION

The FSIA required that all Defendants be served under 28 U.S.C. §
1608(a) as each is considered the foreign state itself under the D.C. Circuit's
"core functions" test enunciated in *Transaero, Inc. v. La Fuerza Aerea
Boliviana*, 30 F.3d 148, 149-50 (D.C. Cir. 1994). As evidenced above,
Plaintiffs strictly adhered to the requirements of 28 U.S.C. § 1608(a)(3) and
served each Defendant.

Dated: December 28, 2007          Respectfully Submitted,

John F. Salter                    Steven R. Perles (No. 326975)
Ga. Bar No. 623325                Edward MacAllister (No. 494558)
The Barnes Law Group, LLC         THE PERLES LAW FIRM, PC
P.O. Box 489                      1146 19th Street, NW, 5th Floor
Marietta, Georgia  30061          Washington, DC 20036
Telephone:  770-419-8505          Telephone: 202-955-9055
Facsimile:  770-590-8958          Facsimile:    202-955-3806

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2007, the Defendants have

been served, have not entered an appearance or otherwise answered and are in default in

this case.

Edward MacAllister

# EXHIBIT
# A

**DHL EXPRESS**

Process and Track your shipment online: http://www.dhl.com
1-800-CALL-DHL (in USA only)

**INTERNATIONAL WAYBILL** (Non-Negotiable)

778 4577 360

**1 Payer account number and shipment value protection details**

Charge to: □ Shipper  □ Receiver  □ 3rd Party

Payer Account No. 795802161

Shipment Value Protection (see reverse)

□ Yes Declared Value for Carriage (in US $)

Payment: □ Cash □ Check □ Credit Card
Not all payment options are available in all countries.

**2 From (Shipper)**

Shipper's Reference (up to 35 characters)
06-CV-1500 (RMC)

Company Name / Contact Name
DEPT. OF UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

Address
333 CONSTITUTION AVENUE NW

Post/Zip Code (required)
20001

Phone, Fax, or E-mail (required)
202-354-3184

**3 To (Receiver)**

Company Name
MINISTRY OF FOREIGN AFFAIRS

Contact Person
MINISTER OF FOREIGN AFFAIRS

Delivery Address DHL Cannot Deliver to a PO Box
AL-RACHID STREET

Post/Zip Code (required)

Country
IRAQ

Phone, Fax, or E-mail (required)
202-265-4385

**4 Shipment Details**

Total number of packages

Total Weight
If DHL Express Document packaging used, enter XD.

lbs

Dimensions (in inches)
Pieces   Length   Width   Height
@ ___ x ___ x ___
@ ___ x ___ x ___

**5 Full Description of Contents**
Give Content and Quantity
DOCUMENTS
06-CV-1500 (RMC)

**6 Dutiable Shipments Only (Customs requirement)**

Attach the original and four copies of a Proforma or Commercial Invoice.
Export License No./Symbol (if applicable)   Receiver's VAT/GST or Shipper's EIN/SSN

Declared Value for Customs (in US $)
(as on commercial/proforma invoice)

Schedule B Number / Harmonized Code (if applicable)

ABS TRANSACTION NUMBER

Destination Duties/Taxes if left blank, Receiver pays duties/taxes.
□ Receiver □ Shipper □ Other:

TYPE OF EXPORT
□ Permanent □ Repair/Return □ Temporary

**7 Shipper's Authorization (signature required)**

Signature (required)

**8 Products & Services**

□ International Express
□ Envelope
□ Document (Non-Dutiable Document Service)
□ Dutiable (Worldwide Priority Express)
□ Other:

Service Options (extra charge may apply)
□ Saturday □ Special
□ Delivery □ Pickup
□ Delivery Notification □ Signature Required
□ Other:

□ Global Mail
□ Int. Priority □ Int. Standard □ Int. Std.
□ Dom. Priority □ Dom. Standard
□ Other:

DESTINATION CODE

ORIGIN

**DIMENSIONAL/CHARGEABLE WEIGHT**    lbs

**SERVICES**    **CHARGES**

**TRANSPORT COLLECT STICKER NO.**

Drop Box #

**PAYMENT DETAILS (Check, Card No.)**
No.:
Type
Auth.
Expires

PICKED UP BY
Route No.
Time
Date

TOTAL

DHL Express (USA), Inc., 1200 South Pine Island Road, Plantation, Florida 33324

Shipper's Copy

© 2002

# EXHIBIT
# B



## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: EDWARD MACCALLISTER | FROM: Hard Copy Proof of Delivery Desk |
| COMPANY: | DATE: 11-13-06 |
| FAX NUMBER: 202-955-3806 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: 202-955-9055 | SENDER'S REFERENCE NUMBER: |
| RE: AWB# 7784577360 | YOUR REFERENCE NUMBER: |

☒ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

1144 W. WASHINGTON ST.
TEMPE AZ. 85281

November 13, 2006

United States District Court for the District of Columbia
Attention: Edward MacAllister
333 Constitution Avenue
Washington, D.C. 20001
Fax: 202-955-3806

Airway bill#:        7784577360
Date Shipped:        October 26, 2006
Shipper:             U.S. District Court for the District of Columbia
Consignee:           Ministry of Foreign Affairs
City, State, Zip:    Damascus
Country:             Syria

Dear Mr. MacAllister,

In response to your inquiry concerning the above referenced shipment,
DHL Express has traced this shipment through our shipping cycle and has
ascertained the following:

This shipment was delivered to the consignee on October 30, 2006 at
10:27 A.M. signed for by ESAM.

We value our relationship with our customers and hope you will allow us
to continue providing services to your company. DHL sincerely regrets
any inconvenience this may have caused.

Sincerely,

Jay Bitsue
Shipment Inquiry Research Specialist
1-877-297-6031 ext. 4936

ON. 13-NOV-06 17:04    DHL VICTORIA        00963 11 2247486                    P.01

* 3 0 1 0 0 6 D A M D C O D M O 6 A 0 1 *

DELIVERY DATE: **30/10/2006**  TIME: **08:52**  ROUTE: **DM06**  A  COURIER: **4305**  **MOUHAMMAD** Service Area: **DAM / DCO / sy01**

The consignee declares that he/she has received the shipment(s) in good order and condition, and that he/she
accepts our terms and conditions as defined on the airwaybill attached to the shipment                  Sheet: 1 of 2

| # | AWB Number | Pieces | Weight | Signature | Name/Company |
|---|---|---|---|---|---|
| 1 | 7784577360 | 1 | 0.5 KG | | 10:6 |
| 2 | | | KG | | : |
| 3 | | | KG | | : |
| 4 | | | KG | | : |
| 5 | | | KG | | : |
| 6 | | | KG | | : |
| 7 | | | KG | | : |
| 8 | | | KG | | : |
| 9 | | | KG | | : |
| 10 | | | KG | | : |
| 11 | | | KG | | : |

30/10/2006 08:52:36                                              **FAX NO :8315 8100**

TOTAL P.01