UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

Francis Gates, et al.                 :
                                       :
            Plaintiffs,                :
                                       :
     v.                                :CIVIL ACTION NO.: 06CV-01500 (RMC)
                                       :
Syrian Arab Republic, et al.           :
                                       :
            Defendants                 :
                                       :
. . . . . . . . . . . . . . . . . . . .:

**PLAINTIFFS' MOTION FOR LEAVE TO PROCEED
UNDER  NEWLY ENACTED PUB. LAW. 110-181, SECTION 1083 AND FOR AN
ORDER THAT FURTHER SERVICE PURSUANT TO FED. R. CIV. P. 5(A) IS
NOT REQUIRED AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW the Plaintiffs, by and through counsel, and hereby move for leave to proceed pursuant to the newly enacted Defense Authorization Act for Fiscal Year 2008, ("Defense Authorization Act"), Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008) which creates 28 U.S.C § 1605A in substitution for 28 U.S.C. §1605(a)(7).  Plaintiffs advise the court that said Act was enacted on 28 January 2008 and on its face applies to pending actions against foreign sovereigns who are designated as state sponsors of terrorism, including the Defendants named herein.

The Plaintiffs also move this court for an Order determining that Plaintiffs are not required to file, or serve, an amended complaint in the within action; and that in permitting the Plaintiffs to proceed under the newly enacted law, the federal rules of civil procedure neither require the filing of nor service of an amended complaint containing

1

the new law, Pub. L. No. 110-181, § 1083(c)(2)(A), and state the following in support thereof:

1. This action was originally brought under 28 U.S.C. § 1605(a)(7), on August 25, 2006 by the Plaintiffs.

2. The Court entered default against the Defendants on January 26 and 29, 2007.

3. From January 7-9, 2008 the Court held a three-day bench trial and evidentiary hearing under 28 U.S.C. § 1608(e). Prior to the hearing, counsel for Plaintiffs notified the Court of the impending passage of a law that, if enacted, would affect the scope of damages available to Plaintiffs in cases brought against state sponsors of terrorism under the Foreign Sovereign Immunities Act ("FSIA").

4. On January, 28, 2008, the President of the United States signed into law the Defense Authorization Act, Pub. L. No. 110-181. Section 1083 of this Act amends the FSIA by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this case was brought, and replaced it with 28 U.S.C. § 1605A. The wording of the new subject matter jurisdiction provision largely matches that of the old subject matter jurisdiction provision.

5. A copy of the new law Pub. Law No. 110-181, Sec. 1083, Defense Authorization Act, which contains the new 28 U.S.C § 1605A, is attached hereto as Exhibit 1 for the Court's reference.

This new law provides, in pertinent part, the following modifications:

    a. Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection

28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[1]  28 U.S.C. § 1605A(c).  The wording of this provision matches the wording of the Flatow Amendment, except to explicitly provide a cause of action directly against the foreign state itself, as the D.C. Circuit has held the Flatow Amendment did not provide such cause of action.  Cicippio-Puleo v. Islamic Republic of Iran, 353 F.3d 1024, 1034 (D.C. Cir. 2004).  Said private cause of action allows claims to be brought if the claimant or the victim was, at the time of the terrorist act, a national of the United States.

b. The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages.  In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents.  28 U.S.C. § 1605A(c).

c. The revised law specifically commands a broadly retrospective application to pending cases.  Pub. Law. No. 110-181, Sec. 1083(c).

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency." This language matches the language from 28 U.S.C. § 1605(a)(7), the former section that prescribed the Court's subject matter jurisdiction in this case.

3

Pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(3), Plaintiffs request this Court to expeditiously grant them leave to proceed under the revised law. The Defense Authorization Act is explicitly retroactive:

(c) Application to Pending Cases-
(1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(Exhibit 1 at p. 5-6).[2] Public Law No. 110-181, Sec. 1083(c)(2)(A) provides in pertinent part that with regard to its application to pending cases, for any prior action, such as the one that is currently before the Court, that:

- if that action was originally brought pursuant to old section 28 U.S.C. § 1605(a)(7) or section 101(c) of Division A of Public Law 104-208, known as the "Flatow Amendment" 28 U.S.C. § 1605 note before the enactment of the Act; and

- relied on either of those provisions to create a cause of action; and

- and was adversely affected on the grounds that either § 1605(a)(7) or the Flatow Amendment failed to create a cause action; and

- is before the courts in any form, including appeal;

- then on a motion made by the plaintiffs, in the district court where the action was initially brought, the action should be given effect as if the action had been originally filed under the revised provision, § 1605A(c).

Here, the action was originally brought by the Plaintiffs pursuant to § 1605(a)(7). In its originally filed Complaint, as pending before the court, the Plaintiffs asserted, a

---

[2] In Exhibit 1, Plaintiffs provide the Court with a copy from www.Thomas.com of the pertinent section of the Engrossed Bill that was presented to the President for signature on January 24, 2008 and signed on January 28, 2008. Pub. L. No. 110-181, § 1083 (2008).

4

federal cause of action and entitlement to punitive damages. (Redacted Complaint at Count IV and IX). These Plaintiffs' claims have been adversely affected by the application of a ruling by the DC Circuit that the Flatow Amendment, as it existed prior to the enactment of the new law, did not provide a federal cause of action against a foreign sovereign and that Plaintiffs could not then maintain a claim for punitive damages against the Defendants unless the new law passed.[3] Accordingly, as this case remains pending before this Court, pursuant to § 1083(c)(2)(A) of the Defense Authorization Act, the Plaintiffs may make a motion to this Court to request that this court apply as controlling law the newly enacted legislation which expressly contemplates its application to pending actions, and that the within action be considered and decided as if it were originally filed under the revised and substituted law, 28 U.S.C. § 1605A(c).

Plaintiffs' originally filed Complaint, as pending before the court, and which alleged both a federal cause of action and entitlement to punitive damages, was duly served upon the Defendants. Accordingly, an amended complaint should not be required by the Court to be filed by the Plaintiffs, nor should they be required to re-serve the Complaint, or any amended complaint, upon Defendants, who are in default and have no counsel of record before the court, under Fed. R. Civ. P. 5(a)(2), which otherwise requires the service upon a defendant of pleadings that assert a new claim for relief, even in a default setting. While Plaintiffs seek to assert a cause of action under the revised federal law 28 U.S.C.§ 1605A(c), this cause of action is identical to and in substitution for the Flatow Amendment that Plaintiffs asserted against the sovereign defendants in their original and redacted complaints, including a separate count for punitive damages.

---

[3] This discussion took place during a status conference. Counsel cannot produce a transcript for the Court yet because the transcripts remain unfinished.

5

(Redacted Complaint at p. 15, 20).  The new federal cause of action[4] almost matches the

Flatow Amendment[5] word-for-word, except the new law is explicitly available for use

against foreign states rather than indirectly as Plaintiffs argued as a basis for inclusion in

their original complaint.

      As Plaintiffs' new claim for relief is the same as the claim for relief previously

asserted and served upon Defendants, except for the ministerial substitution by Congress

---

[4] P.L. 110-181: Private Right of Action.--A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
  "(1) a national of the United States,
  "(2) a member of the armed forces,
  "(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
  "(4) the legal representative of a person described in paragraph (1), (2), or (3),for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

[5] P.L. number 104-208:  Liability of agents of state sponsors of terrorism to U.S. nationals. Act Sept. 30, 1996, P.L. 104-208, Div A, Title I, § 101(c) [Title V, § 589], 110 Stat. 3009-172, provides:
  "(a) An official, employee, or agent of a foreign state designated as a state sponsor of terrorism designated under section 6(j) of the Export Administration Act of 1979 [50 USCS Appx § 2405(j)] while acting within the scope of his or her office, employment, or agency shall be liable to a United States national or the national's legal representative for personal injury or death caused by acts of that official, employee, or agent for which the courts of the United States may maintain jurisdiction under section 1605(a)(7) of title 28, United States Code, for money damages which may include economic damages, solatium, pain, and suffering, and punitive damages if the acts were among those described in section 1605(a)(7).
  "(b) Provisions related to statute of limitations and limitations on discovery that would apply to an action brought under 28 U.S.C. 1605(f) and (g) shall also apply to actions brought under this section. No action shall be maintained under this action if an official, employee, or agent of the United States, while acting within the scope of his or her office, employment, or agency would not be liable for such acts if carried out within the United States.".

of 1605A in place of 1605(a)7, service of such new claim for relief is, and should be determined by the court to be, unnecessary.

It is noted, however, that service of the final judgment entered by the court against a defaulting foreign sovereign is explicitly required by the FSIA. 28 U.S.C. § 1608(e). It has been the practice that the defaulted foreign sovereign has 30 days from the date of service of the final judgment to enter, move to vacate or file a notice of appeal. Plaintiffs understand they will accordingly be required to serve such a final judgment after entry by the Court.

Accordingly, the Plaintiffs request that this Court enter an Order, which grants the Plaintiffs' motion to deem as controlling law the newly enacted Pub. Law No. 110-181, Sec. 1083(c)(2)(A) and that Plaintiffs be granted leave to proceed under 28 U.S.C. § 1605A; and that the Plaintiffs are entitled to relief pursuant to the federal cause of action created thereunder, and to punitive damages as the court may determine in accordance with the substituted statute and that Plaintiffs are not required to file an Amended Complaint, nor are they required to re-serve the Complaint herein, as said Complaint as originally filed gave notice to the Defendants of Plaintiffs assertion that there was a federal cause of action and that they were entitled to an award of punitive damages. Accordingly further service upon the Defendants is not required until such time as the court has entered a final judgment herein, which shall be served in accordance with 28 U.S.C. § 1608( e).

Plaintiffs respectfully request an expedited ruling on the within Motion as the court reporter has indicated that the transcripts of proceedings before the court are nearly complete, which would trigger the Court's 45 day deadline to submit the proposed

findings of fact and conclusions of law as a result of the January 2008 evidentiary hearing held before the court.  Disposition of this motion is accordingly required to properly frame the proposed findings of fact and conclusions of law so same may be tendered to the court in a timely manner.

## CONCLUSION

Plaintiffs respectfully move this Honorable Court for leave to proceed under the newly enacted Defense Authorization Act for Fiscal Year 2008, ("Defense Authorization Act"), Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008).  Filing or service of an amended complaint is not required under the new law, Pub. L. No. 110-181, § 1083(c)(2)(A) as the new claim for relief is a ministerial substitution for, and substantively matches the originally filed claims for relief previously asserted by Plaintiffs in their Complaint duly served upon Defendants.

A proposed Order is attached.

February 22, 2008                              Respectfully Submitted,

*/s/ John F. Salter*                           */s/ Steven R. Perles*

John F. Salter                                 Steven R. Perles (No. 326975)
Ga. Bar No. 623325                             Edward MacAllister (No. 494558)
The Barnes Law Group, LLC                      THE PERLES LAW FIRM, PC
P.O. Box 489                                   1146 19th Street, NW, 5th Floor
Marietta, Georgia  30061                       Washington, DC 20036
Telephone:  770-419-8505                       Telephone: 202-955-9055
Facsimile:  770-590-8958                       Facsimile:    202-955-3806

Attorney for Plaintiffs